VALLE MAKOFF LLP
JEFFREY B. VALLE (Bar No. 110060)
  jvalle@vallemakoff.com
DAVID S. SHUKAN (Bar No. 143683)
  dshukan@vallemakoff.com
11911 San Vicente Boulevard, Suite 324
Los Angeles, California 90049
Telephone:  (310) 476-0300
Facsimile:   (310) 476-0333

CLARK HILL PLC
KAVEH KASHEF (MI Bar No. P64443)
  kkashef@clarkhill.com
151 S. Old Woodward Ave., Suite 200
Birmingham, Michigan 48009
Telephone:  (248) 988-5869
Facsimile:   (248) 988-2328

*Attorneys for Defendants WB Commerce, LLC
and Wesley Berry*

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| TELEFLORA LLC, a Delaware limited liability company,<br><br>                  Plaintiff,<br><br>          v.<br><br>WB COMMERCE, LLC d/b/a WESLEY BERRY FLOWERS, a Michigan limited liability company; WESLEY BERRY, an individual; and Does 1 through 50, inclusive,<br><br>                  Defendants. | Case No. 2:15-cv-07176-SJO (AJWx)<br><br>The Honorable S. James Otero<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO TELEFLORA LLC'S MOTION FOR ORDER REMANDING ACTION TO THE STATE COURT**<br><br>Date:  November 23, 2015<br>Time:  10:00 a.m.<br>Place:  Courtroom 1 |

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO TELEFLORA LLC'S MOTION FOR ORDER REMANDING ACTION TO THE STATE COURT

203576358.5 40231/186315

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

I.    INTRODUCTION ...........................................................................................1

II.   PROCEDURAL HISTORY .............................................................................1

III.  ARGUMENT ..................................................................................................6

    1.    Defendants' Removal, Premised Upon Receipt of Evidence in the Collection Action, is Permitted Under Federal and State Law...................6

    2.    Defendants Did Not Have Notice, Constructive or Actual, of the Members of Teleflora at the Time of the June 15 Removal. .......................8

    3.    The Circumstances of this Case are Distinguishable from Those Cited by Teleflora ..............................................................................................10

IV.  CONCLUSION ..............................................................................................12

i

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
TELEFLORA LLC'S MOTION FOR ORDER REMANDING ACTION TO THE STATE COURT

203576358.5 40231/186315

# TABLE OF AUTHORITIES

**Cases**

*Allen v. UtiliQuest,*
  2014 LEXIS 2772 (N.D. Cal. Jan. 8, 2014) ........................................................ 11

*Barahona v. Orkin,*
  2008 LEXIS 89494 (C.D. Cal., October 21, 2008) .................................. 7, 10, 11

*Edge v. Minnesota Mining and Mfg. Co.,*
  1989 LEXIS 18164 (N.D. Cal., January 17, 1989) ...................................... 6, 12

*Peabody v. Maud Van Courtland Hill Schroll Trust,*
  892 F.2d 772 (9th Cir. 1989) ................................................................... passim

*Rea v. Michaels Stores Inc.,*
  742 F.3d 1234 (9th Cir. 2014) ..................................................................... 9

*Romo v. Shimmick Constr. Co.,*
  2015 LEXIS 77206 (N.D. Cal., June 12, 2015) .................................................. 8

*U.S. Bank N.A. v. Ware,*
  2015 LEXIS 82336 (C.D. Cal., June 22, 2015) ................................................ 12

**Other Authorities**

28 U.S.C. § 1332 ............................................................................................ 7

28 U.S.C. § 1446 .............................................................................. 7, 11, 12

28 U.S.C. § 1446(b)(3) ............................................................................ passim

28 U.S.C. § 1446(d) ...................................................................................... 9

**Rules**

Fed. R. Civ. P. 42(a)(2) ................................................................................. 3

ii

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
TELEFLORA LLC'S MOTION FOR ORDER REMANDING ACTION TO THE STATE COURT

203576358.5 40231/186315

1

## I.  **INTRODUCTION**

2    Plaintiff Teleflora LLC's ("Teleflora's") Motion for Order Remanding

3  Action to State Court (the "Motion") should be denied, and this action (the

4  "Collection Action") should be permitted to proceed in this Court.  In support of

5  the Motion, Teleflora provides the Court with an incomplete and incorrect factual

6  and procedural record as to the Collection Action.  However, Defendants WB

7  Commerce, LLC ("WB Commerce") and Wesley Berry's (collectively,

8  "Defendants'") removal of the Collection Action is consistent with the

9  requirements of 28 U.S.C. § 1446(b)(3) and applicable case law.

10    In addition, as stated by Teleflora in its recently-filed *Ex Parte* Application

11  for Order to Continue Scheduling Conference (the "Application") in the

12  concurrent matter, *Teleflora LLC v. WB Commerce, LLC* (Case No.:  2:15-cv-

13  3587 SJO AJW) (the "California Federal Action"), the denial of the Motion and

14  the ultimate consolidation of this Collection Action and the California Federal

15  Action serves the added purpose of "preserv[ing] judicial resources and avoid[ing]

16  inconsistent rulings."  The Application at 2.

17    Finally, Teleflora's repeated suggestion that the second removal was based

18  on the same circumstances as the first removal is flatly incorrect.  The second

19  removal is based upon new information appearing in the record of the Collection

20  Action that did not appear anywhere in the record of the Collection Action at the

21  time of the first removal, and that only became part of the record – and first made

22  the case removable – within the 30 days before the second removal was filed.

23

## II.  **PROCEDURAL HISTORY**

24    On April 7, 2015, Wesley Berry Flowers, Inc. ("WBF"), an affiliate of WB

25  Commerce, filed an action in the Circuit Court of Wayne County, Michigan (the

26

1

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
TELEFLORA LLC'S MOTION FOR ORDER REMANDING ACTION TO THE STATE COURT

203576358.5 40231/186315

"Circuit Court") alleging breach of contract, breach of fiduciary duty and seeking an accounting (the "Michigan Action").  In the Michigan Action, WBF alleged that Teleflora breached various contractual obligations related to services it provided WBF, WB Commerce and other related entities; WBF alleged Teleflora breached fiduciary duties it owed; and WBF sought an accounting for all services provided by Teleflora.  On May 8, 2015, Teleflora filed a notice of removal (Kashef Declaration, <u>Exhibit A</u>) removing the Michigan Action to the United States District Court for the Eastern District of Michigan and, in accordance with 28 U.S.C. § 1446(d), provided WBF with proper notice through its filing of the notice of removal with the Circuit Court (Kashef Declaration, <u>Exhibit B</u>), and via electronic mail to counsel (Kashef Declaration, <u>Exhibit C</u>).

On May 11, 2015, Teleflora filed a "Supplemental Notice of Removal" (Kashef Declaration, <u>Exhibit D</u>) in the United States District Court for the Eastern District of Michigan, *but* Teleflora *did not provide notice of its Supplemental Notice of Removal to WBF either through filing it with the Circuit Court or by any other means of communication to WB Commerce or its counsel*.

On the same day it filed its supplemental removal notice in federal court in Michigan, Teleflora also commenced the Collection Action by filing a complaint in the Superior Court for the State of California in the County of Los Angeles ("Superior Court").  In the Collection Action, Teleflora claims it is owed damages from WB Commerce and Wesley Berry related to services it allegedly provided WB Commerce under a myriad of alleged contracts between the parties.[1]

---

[1]   Leaving its pleadings unclear, Teleflora did not attach or otherwise identify the contracts or contractual provisions on which its claims in the Collection Action rely.  Teleflora then asserted that the state and federal courts of California were proper under alleged choice of law and forum selection clauses contained within

2

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
TELEFLORA LLC'S MOTION FOR ORDER REMANDING ACTION TO THE STATE COURT

203576358.5 40231/186315

Teleflora served the Collection Action on Defendants on May 19, 2015.  True and correct copies of the summonses are attached hereto to the accompanying Kashef Declaration as <u>Exhibit F</u>.

Two days later, on May 13, 2015, Teleflora commenced the California Federal Action with this Court in which it alleged claims of false advertising, trademark infringement and unfair competition arising from the services, rights and obligations created through the same myriad of alleged contracts that served as the basis for the claims in the Collection Action.[2]

On June 1, 2015, in the interests of judicial economy and based on its expectation that Teleflora would file a motion to dismiss based on the forum selection clause alleged in the Collection Action, WB Commerce voluntarily

___

the alleged, unclear contracts.  Kashef Declaration, <u>Exhibit E</u>, Collection Action Complaint at ¶ 13 (". . . pursuant to the terms of the contracts at issue, Defendants agreed that any action . . . shall be brought in the appropriate state or federal court sitting in the County of Los Angeles").

[2]   Defendants can only speculate as to Teleflora's motivation for splitting its claims against WB Commerce, as the claims arise from the same set of alleged agreements at issue in the Collection Action.  *See, e.g.*, California Federal Action Complaint, Kashef Declaration, <u>Exhibit G</u>, at ¶ 11 (". . . Defendants were longstanding members of Teleflora's network and user [sic] of its clearinghouse and credit card processing and other services."), ¶ 12 (". . . Teleflora terminated Defendants' membership in its network and all rights associated therewith."), ¶ 16 ("Defendants' aforementioned and other similar conduct did not conform with the high quality standards of Teleflora that were otherwise met by Teleflora's member florist community"), ¶ 34 ("while members in good standing are permitted to use Plaintiff's intellectual property . . . no former member is permitted to continue using any of the Plaintiff's intellectual property"), ¶ 35 ("on or about April 6, 2015, Plaintiff terminated Defendants' membership in its network and all rights associated therewith").  Upon the anticipated denial of the baseless Motion, given the common questions of law and fact in the Collection Action and California Federal Action, to enhance court efficiency and to avoid substantial danger of inconsistent adjudications, Defendants anticipate the Court will raise the issue of consolidation at the scheduling conference set for November 23, 2015 or, alternatively, Defendants will file a motion to consolidate under Fed. R. Civ. P. 42(a)(2).

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO TELEFLORA LLC'S MOTION FOR ORDER REMANDING ACTION TO THE STATE COURT

1   dismissed the Michigan Action without prejudice before Teleflora filed a first
2   responsive pleading.  Thereafter, WB Commerce asserted the allegations set forth
3   in the Michigan Action, along with newly-discovered claims, as counterclaims in
4   the California Federal Action.

5       Within 30 days of first receipt by Defendants of Collection Action
6   Complaint, Defendants filed a Notice of Removal of the Collection Action on
7   June 15, 2015 (the "June 15 Removal"), a copy of which is attached as to the
8   Kashef Declaration as Exhibit H.  As alleged in the Collection Action Complaint
9   and Teleflora's Notice of Removal in the Michigan Action, the June 15 Removal
10  identifies Teleflora as a Delaware limited liability company with its principal
11  place of business in California and WB Commerce as a Michigan limited liability
12  with its principal place of business in Michigan.  *Id*.  Further, the June 15
13  Removal demonstrates that the amount in controversy exceeds $75,000 (Kashef
14  Declaration, Exhibit E, citing the Collection Action Complaint at ¶ 12 and the
15  Prayer for Relief).

16      In an order dated June 22, 2015 (the "Remand Order"), Judge Otero
17  remanded the Collection Action, finding:  "the Notice of Removal does not
18  identify the members of either Teleflora LLC or WB Commerce LLC, and thus
19  does not adequately allege diversity of citizenship." Kashef Declaration, Exhibit I.
20  Because the Notice of Removal itself included the entire record of the Collection
21  Action, the missing allegations were necessarily not present anywhere in that
22  record at the time, or else the Notice of Removal would have been sufficient.

23      During the Rule 26(f) conference between the parties, on or about August
24  11, 2015, counsel for Defendants informed counsel for Teleflora of Defendants'

25

26                                    4

1    intent to take discovery with respect to the members of Teleflora, and to remove

2    the Collection Action in accordance with 28 U.S.C. § 1446(b)(3). Kashef

3    Declaration at ¶ 13. During that conference, *for the first time*, counsel for

4    Teleflora informed Defendants of the existence of the Supplemental Notice of

5    Removal that Teleflora had filed in the Michigan Action but had never served on

6    Defendants. Kashef Declaration at ¶ 14.

7        On August 27, 2015, after confirming that the Collection Action had been

8    reinstated in Superior Court, Defendants served limited discovery requests on

9    Teleflora seeking the identity of Teleflora's members. Teleflora served its

10   responses on September 4, 2015, and, for the first time, made that information part

11   of the Collection Action. Teleflora's Response to Defendants' First Set of

12   Requests for Production of Documents ("Teleflora's Response") is attached to the

13   Kashef Declaration as <u>Exhibit J</u>. According to Teleflora's Response, Teleflora is

14   a resident of either Delaware or California. Teleflora LLC has one member,

15   Teleflora Holdings LLC. Teleflora Holdings LLC has one member, Roll Global

16   LLC. Roll Global LLC has two members, Roll Legacy Inc. and the Stewart and

17   Linda Resnick Revocable Trust, dated December 27, 1998, as amended, both of

18   whom are residents of Los Angeles, California. *Id.*

19       Based on the information derived from Teleflora's papers in the Collection

20   Action, complete diversity between the parties was shown to exist and was first

21   established in the Collection Action by virtue of Teleflora's Response. Within 30

22   days after receipt of Teleflora's Response, Defendants timely filed their

23   September 11, 2015 Notice of Removal (the "September 11 Removal"). Kashef

24   Declaration, <u>Exhibit K</u>.

25

26

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
TELEFLORA LLC'S MOTION FOR ORDER REMANDING ACTION TO THE STATE COURT

203576358.5 40231/186315

# III.   ARGUMENT

**1.   DEFENDANTS' REMOVAL, PREMISED UPON RECEIPT OF EVIDENCE IN THE COLLECTION ACTION, IS PERMITTED UNDER FEDERAL AND STATE LAW.**

Under 28 U.S.C. § 1446(b)(3):

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable.

Teleflora concedes that this rule and its supporting case law permit removal of a "previously remanded . . . action due to a defendant's failure to meet its burden."   The Motion at 4.   Teleflora further argues, and Defendants do not disagree (if properly interpreted), that the "successive notices of removal . . . must be based on information not available at the prior removal."  *Id.*   Specifically, Ninth Circuit law provides that where a removal is based on information added to the record after the complaint is filed, the issue of timeliness of removability turns on when that information becomes available *as part of the record of the state court case*:  "the record of the state court is considered the *sole source* from which to ascertain whether a case originally not removable has since become removable."  *Peabody v. Maud Van Courtland Hill Schroll Trust*, 892 F.2d 772, 775 (9th Cir. 1989) (emphasis added); *see also, Edge v. Minnesota Mining and Mfg. Co.*, 1989 LEXIS 18164 (N.D. Cal., January 17, 1989) ("this court agrees with those other courts that have held that the other paper language refers solely to documents generated within the state court litigation itself").

Defendants submitted the entire record of the Collection Action with the June 15 Removal.   Accordingly, because Judge Otero ruled that the June 15 Removal did not sufficiently demonstrate removability, the entire record of the

6

203576358.5 40231/186315

1  Collection Action (at that time, the Complaint and related papers) did not support

2  removability at that time.  Specifically, on its face, the Collection Action did not

3  identify the separate members of Teleflora LLC.[3]  The Teleflora Response, given

4  in the Collection Action, provided the newly discovered facts that support the

5  September 11 Removal.  *Barahona v. Orkin*, 2008 LEXIS 89494, at *5 (C.D. Cal.,

6  October 21, 2008) ("[s]uccessive removals are allowed only where the second

7  notice of removal is based on newly discovered facts not available at the time of

8  the first removal").  *See also*, 28 U.S.C. § 1446(b)(3) and *Peabody, supra*.

9      The September 11 Removal thus comports with the substantive and

10  procedural requirements of 28 U.S.C. § 1446.  It contains evidence, the members

11  of Teleflora, which Defendants did not have at the time of the June 15 Removal

12  but obtained through subsequent papers served by Teleflora in the Collection

13  Action which is the first time that information was part of the record in the

14  Collection Action.  Defendants filed the September 11 Removal within 30 days

15  after their receipt of the newly discovered evidence, and the notice contains the

16  substantive allegations required to satisfy 28 U.S.C. §§ 1446 and 1332 to establish

17  diversity jurisdiction.  Accordingly, Plaintiff is wrong when it argues that the

18  second removal is based on the same information as the first.  Rather, the second

19  removal is based on information that did not become part of the Collection Action

20  record until September 4, 2015 (and indeed was not known by Defendants at the

21
22  [3]   Although the Remand Order stated that the June 15 Removal "failed to
establish . . . a sufficient amount in controversy," (Kashef Declaration, <u>Exhibit I</u> at
23  2), the amount in controversy was established through the June 15 Removal's
reference to Teleflora's allegations in the Complaint of "damages exceeding
24  $75,000."  Kashef Declaration, <u>Exhibit H</u> at 4.  Indeed, Teleflora alleges damages
in the amount of at least $1.5 million in principal.  Kashef Declaration, <u>Exhibit E</u>,
25  Collection Action Complaint at ¶ 27.

26

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
TELEFLORA LLC'S MOTION FOR ORDER REMANDING ACTION TO THE STATE COURT

time of the first removal, although that fact is not dispositive, since what counts is whether the information was part of the Collection Action record, which it indisputably was not).

2.  **DEFENDANTS DID NOT HAVE NOTICE, CONSTRUCTIVE OR ACTUAL, OF THE MEMBERS OF TELEFLORA AT THE TIME OF THE JUNE 15 REMOVAL.**

At the time of the June 15 Removal, Defendants did not know the members of Teleflora.   Teleflora does not dispute that neither the complaint in the Collection Action nor the complaint in the California Federal Action identify the members of Teleflora.

Rather, Teleflora erroneously argues that "Defendant and its counsel knew, or should have known, the identity and citizenship of each of Teleflora's members since May 11, 2015 [when Teleflora filed its Supplemental Notice of Removal in the Michigan Action]."  Teleflora provides no legal support for a "knew or should have known" or "constructive knowledge" standard of acquiring evidence for removal purposes.   In fact, Teleflora's argument conflicts with the "receipt" requirement set forth in 28 U.S.C. § 1446(b)(3) ("a notice of removal may be filed within 30 days after receipt . . . of a copy of an amended pleading, motion or other paper") and *Peabody, supra* at 775 ("the record of the state court is the sole source . . ."). In *Romo v. Shimmick Constr. Co.*, 2015 LEXIS 77206, at **10-12 (N.D. Cal., June 12, 2015), this Court rejected any "constructive notice" theories:

> The Ninth Circuit has held that "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).  "Thus, even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an

8

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO TELEFLORA LLC'S MOTION FOR ORDER REMANDING ACTION TO THE STATE COURT

investigation and then file a notice of removal within thirty days of receiving [an] indeterminate document." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). Instead, "§§ 1441 and 1446, read together, permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines," *id.*, and "as long as the complaint or 'an amended pleading, motion, order or other paper' does not reveal that the case is removable, the 30-day time period never starts to run and the defendant may remove at any time." *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014).

Moreover, Teleflora ignores the record set forth above with respect to Defendants' lack of receipt of the Supplemental Notice of Removal, such that Teleflora would require omniscience on the part of Defendants and their counsel to have had any knowledge of the Supplemental Notice of Removal or its content. As set forth above, unlike the notice of removal in the Michigan Action, Teleflora did not file its Supplemental Notice of Removal with the Circuit Court (as required by 28 U.S.C. § 1446(d)), nor did it serve the document on Defendants in another manner.[4]  At the time Teleflora filed its Supplemental Notice of Removal (on the same date it filed the Collection Action), Defendants had yet to file either an appearance or pleading in the newly-removed Michigan Action.  Therefore, when Teleflora filed its Supplemental Notice of Removal, Defendants did not receive notice (the precise reason for the requirement of state court filing set forth

---

[4]   During counsel's conference prior to Teleflora filing the Motion, counsel for Defendants explained the legal and factual arguments set forth herein in explicit detail, including Defendants' explanation that they had never received the Supplemental Notice of Removal.  Teleflora's counsel indicated that it would review the factual record and, specifically, whether Defendants were served with a copy of the Supplemental Notice of Removal.  Based on Teleflora's intentional omission of these facts in the Motion and failure to attach any form of proof of service of the Supplemental Notice of Removal, it is evident that Teleflora does not dispute these facts.

9

in 28 U.S.C. § 1446(d)).  Not only should knowledge of the Supplemental Notice of Removal not be imputed upon Defendants; Teleflora should not be able to use its filing of a procedurally flawed pleading as a sword in their attempt to compel a remand of the Collection Action.

The June 15 Removal failed because, at the time, the entire record of the Collection Action, which Defendants included as part of the June 15 Removal, did not contain information that made it removable.  In contrast, the September 11 Removal should succeed because, less than 30 days before that removal, new evidence became part of the record of the Collection Action which thus made it removable.

**3.     THE CIRCUMSTANCES OF THIS CASE ARE DISTINGUISHABLE FROM THOSE CITED BY TELEFLORA**

In the Motion, Teleflora argues that the "facts of *Barahona* are on all-fours with this case."  The Motion at 8.  This contention is false and, in fact, the holding of *Barahona* supports denial of the Motion.  First, as set forth above, *Barahona* supports allowing successive removals "based on newly discovered facts not available at the time of the first removal," 2008 LEXIS 89494 at *5, which is the basis for the September 11 Removal.  Second, the court in *Barahona* remanded the successive removal based on the fact that "the evidence upon which Defendants' second removal relies had been procured from March 2008 and earlier, about four months prior to Defendants' initial removal."  *Id*.  In this case, Defendants did not possess the information that formed the basis of the September 11 Removal at the time of the June 15 Removal.  That information was not gleaned until well after the Collection Action was remanded by Judge Otero.  Third, in *Barahona*, the defendants attempted to circumvent the fact that the

10

second removal was not premised on newly discovered evidence by arguing that their second removal was their "amended removal." *Id*. at 6.  Here, the September 11 Removal is not an "amended removal;" it is a second notice of removal based on newly discovered evidence in the Collection Action during its pendency in state court.[5]

Teleflora's reliance on *Allen v. UtiliQuest* 2014 LEXIS 2772 (N.D. Cal. Jan. 8, 2014) is also misplaced.  In *Allen*, the court found that the purported "new" factual information presented by the defendant was readily available when the defendant filed its opposition to the plaintiff's original motion to remand.  *Id*. at **8-9.  The court remanded, explaining that "[t]he information now proffered by Defendant could – and indeed, should – have been presented to the Court in opposing Plaintiff's first motion to remand."  *Id*. at *10.  *Allen* is both factually and procedurally distinguishable from this case.  As noted above, unlike the defendants in *Barahona* and *Allen*, Defendants were not in possession of the

---

[5]   Teleflora's arguments set forth in Section IV(B) are inapposite to the facts of this case, as Defendants are not seeking review of the Court's Remand Order, and the removal grounds are not "identical to the grounds discussed in the Court's remand order," as argued by Teleflora (the Motion at 6).  Not only is the September 11 Removal not an "amended removal," it is not a request for reconsideration.  While the basis of remand (diversity jurisdiction) is the same for both removals, the September 11 Removal is based on different facts and neither § 1446 nor any other authority preclude a second removal based on the same jurisdictional grounds.  Neither *Barahona* nor *Allen* support Teleflora's argument that a defendant cannot file a second notice of removal based on diversity when its first notice of removal was also based on 28 U.S.C. § 1332.  *See* the Motion at 4.  In *Barahona*, both the first and second removals were based on § 1332.  The court did not state that a basis of its remand was the fact that the second notice of removal was based on the same grounds (diversity) as the first removal.  The same is true in *Allen*.  In fact, no cases support this proposition, and 28 U.S.C. § 1446 contains no such provision.

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
TELEFLORA LLC'S MOTION FOR ORDER REMANDING ACTION TO THE STATE COURT

1  newly acquired evidence which is the basis of the September 11 Removal when it

2  filed the June 15 Removal.

3      Lastly, Teleflora fails in its attempt to characterize the holding in *Peabody,*

4  *supra*, as "unpersuasive as it predates more recent decisions like *Barahona, Allen*

5  and *Anderson*" (the Motion at 10 n.5).  None of the cited cases contradict the

6  propositions set forth in *Peabody* (and *Edge v. Minnesota Mining & Mfg.*).

7  Moreover, *Peabody*, a published opinion from the Ninth Circuit Court of Appeals,

8  remains good law within this circuit with a lengthy citation history, including

9  citation to in this district as recently as June 22, 2015 (*U.S. Bank N.A. v. Ware*,

10  2015 LEXIS 82336, at *3 (C.D. Cal., June 22, 2015)).

11                    IV.    **CONCLUSION**

12      For the reasons stated above, Defendants respectfully request that the Court

13  find that Defendants' September 11, 2015 Removal is timely and consistent with

14  the requirements of 28 U.S.C. § 1446 and applicable law, and deny Teleflora's

15  Motion for Order Remanding Action to State Court.

16

17  Dated:  November 2, 2015      By:  ___*/s/ David S. Shukan*_____

18                                VALLE MAKOFF LLP
                                  JEFFREY B. VALLE (Bar No. 110060)
19                                    jvalle@vallemakoff.com
                                  DAVID S. SHUKAN (Bar No. 143683)
20                                    dshukan@vallemakoff.com
21                                11911 San Vicente Boulevard, Suite 324
                                  Los Angeles, California 90049
22                                Telephone:  (310) 476-0300
                                  Facsimile:   (310) 476-0333
23

24                                (continued on following page)

25                                      12

26
_____
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
TELEFLORA LLC'S MOTION FOR ORDER REMANDING ACTION TO THE STATE COURT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CLARK HILL PLC
KAVEH KASHEF (MI Bar No. P64443)
   kkashef@clarkhill.com
151 S. Old Woodward Ave., Suite 200
Birmingham, Michigan 48009
Telephone:  (248) 988-5869
Facsimile:   (248) 988-2328

*Attorneys for Defendants WB Commerce,
LLC and Wesley Berry*

13

203576358.5 40231/186315

**PROOF OF SERVICE**
**2:15-cv-07176-SJO-AJWx**

1

2          I declare that I am over the age of eighteen years and that I am not a party
to this action. I am an employee of Valle Makoff LLP, and my business address is
3   11911 San Vicente Blvd., Suite 324, Los Angeles, California 90049.

4          On the date set forth below, I served the following document(s) described
as follows:

5

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO TELEFLORA LLC'S MOTION FOR ORDER
REMANDING ACTION TO THE STATE COURT**

6

7   on the interested parties in this action as follows:

8    Kristina M. Diaz, Esq.
     J. P. Pecht, Esq.
9    Michael M. Vasseghi, Esq.
     Roll Law Group PC
10   11444 W. Olympic Blvd.
     Los Angeles, CA 90064-1557
11   Email: kristina.diaz@roll.com
     jp.pecht@roll.com;
12   michael.vasseghi@roll.com

13

14   X    **BY ELECTRONIC TRANSMISSION:** Per the Court's "Electronic
          Filing and Service Standing Order," I caused the documents to be sent to
          the persons at the email addresses listed with the Court in this matter.

15   X    *(FEDERAL)* I declare that I am employed in the office of a member of
          the bar of this court at whose direction the service was made.

16

17         Executed on November 2, 2015, at Los Angeles, California.

18                                              /s/  Emma Navarro
                                             _____
19                                                 Emma Navarro

20

21

22

23

24

25

26

14

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
TELEFLORA LLC'S MOTION FOR ORDER REMANDING ACTION TO THE STATE COURT

203576358.5 40231/186315