| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |
|---|---|---|

**CASE NO.:** CV 15-07176 SJO (SHx)         **DATE:** November 10, 2015

**TITLE:** Teleflora LLC v. WB Commerce, LLC dba Wesley Berry Flowers, et al.

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                         Not Present
Courtroom Clerk                                          Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**          **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                              Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** [Docket No. 8]

This matter is before the Court on Plaintiff Teleflora LLC's ("Teleflora") Motion to Remand ("Motion"), filed on October 13, 2015. Defendants WB Commerce, LLC dba Wesley Berry Flowers ("WB") and Wesley Berry ("Berry") (collectively, "Defendants") filed an Opposition to the Motion ("Opposition") on November 2, 2015, and Plaintiff filed a Reply in Support of the Motion ("Reply") on November 9, 2015. The Court finds the matter suitable for disposition without oral argument and vacates the hearing set for November 23, 2015. *See* Fed. R. Civ. P. 78(b). For the following reasons, Plaintiff's Motion is **GRANTED**.

I.     FACTUAL AND PROCEDURAL BACKGROUND

This is the second time this case has come before this Court. The case was first removed to this Court on June 15, 2015 in *Teleflora LLC v. WB Commerce, LLC*, Case No. 2:15-cv-04523 SJO (AJWx) (C.D. Cal. 2015) ("*Teleflora I*").[1] (Notice of Related Cases 3, ECF No. 3; *see generally* Notice of Removal, *Teleflora I*.) However, at that time, Defendants failed to identify the members of WB or Teleflora, and the Court therefore remanded the case to the Los Angeles County Superior Court on June 22, 2015, due to Defendants' failure to allege diversity of citizenship.[2]

---

[1] "[A] court may take judicial notice of its own records in other cases." *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (citation omitted).

[2] Because a limited liability company ("LLC") is "a citizen of all of the states of which its owners/members are citizens," *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006), where the removing party is an LLC, it must allege the citizenship of each of its members in order to meet its burden of showing complete diversity of citizenship between the parties. *See Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 Fed. App'x 62, 64 (9th Cir. 2011) (finding that the defendant LLCs failed to satisfy their burden

| MINUTES FORM 11 | | __:__ |
|---|---|---|
| CIVIL GEN | Page 1 of 4 | Initials of Preparer ___VPC___ |

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 15-07176 SJO (SHx)</u>        DATE: <u>November 10, 2015</u>

(*See generally* Order Remanding Case, *Teleflora I.*)  On September 11, 2015, Defendants again removed the instant action to this Court.  (*See generally* Notice of Removal, ECF No. 1.) Defendants argue that additional information, namely the identity of the members of each party LLC, has come to light, rendering the action removable.  (Notice of Removal ¶¶ 3, 5-10.)

II.     DISCUSSION

    A.     Legal Standard

Pursuant to 28 U.S.C. § 1441(a), a district court has removal jurisdiction over actions brought in state court "where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. §§ 1332(a)(1), 1441(a). However, courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).  "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Id.*  (internal quotations and citation omitted).

Where a case has been remanded for lack of subject-matter jurisdiction, the remand order " is not reviewable on appeal or otherwise."  28 U.S.C. § 1447(d).  "'This language has been universally construed to preclude not only appellate review but also reconsideration by the district court.'" *Leon v. Gordon Trucking, Inc.*, 76 F. Supp. 3d 1055, 1061 (C.D. Cal. 2014) (quoting *Seedman v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988)).  "Stated differently, a party is not entitled to file a second notice of removal upon the same grounds where the district court previously remanded the action."  *Leon*, 76 F. Supp. 3d at 1062 (internal quotation marks and citation omitted).  "This general prohibition on successive removals, however, does not apply when subsequent pleadings or events reveal a **new and different** ground for removal."  *Id.* (emphasis added) (internal quotation marks and citations omitted).  This requires "a showing that the posture of the case has so changed that it is substantially a new case."  *Id.* at 1063 (citing *One Sylvan Rd. N. Assocs. v. Lark Int'l, Ltd.*, 889 F.Supp. 60, 65 (D. Conn. 1995)).

    B.     Analysis

It appears that Defendants file this second removal in "an improper attempt to redo what [they] should have done initially" when they failed to identify WB's own members or the members of Teleflora.  *Leon*, 76 F. Supp. 3d at 1063.  The only additional information contained in WB's notice of removal is the identity of WB's members and the members of Teleflora.  (Notice of Removal ¶¶ 3, 9-10.)  There is no new claim or ground for jurisdiction asserted.  The addition of this

---

to show complete diversity of citizenship where they failed to state the citizenship of their members).

| | |
|---|---|
| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |

**CASE NO.:** CV 15-07176 SJO (SHx)   **DATE:** November 10, 2015

information does not render the case "substantially a new case." *Id*. A defendant, whose case was initially remanded to state court for not properly alleging one element of diversity jurisdiction, does not provide a "new and different ground for removal" by simply adding requisite facts that meet the element of diversity jurisdiction that was missing in the first complaint. *Id.* at 1062.

Further, the information provided by the Defendants is not truly new information. WB, "like any other [defendant], is presumed to know its own citizenship." *Id.* at 1063. The members of Teleflora should have been known to Defendants as of May 11, 2015, due to another lawsuit between these same parties that Teleflora had removed to the Eastern District of Michigan ("Michigan Action"). (Mot. 8; Notice of Removal Ex. F 7-8, ECF No. 1-8.) When Defendants requested discovery on the subject of Teleflora's members, the documentation that Teleflora provided, and on which Defendants now rely, was a copy of the May 11, 2015 filing from the case before the Eastern District of Michigan. (Mot. 8, Notice of Removal Ex. F 13-19.)

Defendants raise two arguments on this point.[3] Relying on *Peabody v. Maud Van Cortland Hill Schroll Tr.*, 892 F.2d 772 (9th Cir. 1989), Defendants argue that the only relevant question is when the information became part of the state court record. (Opp'n 6-8, ECF No. 12.) Defendants further argue that they had no notice of the members of Teleflora at the time of the June 15 removal. (Opp'n 8-10.) The Court finds that neither argument is persuasive.

In *Peabody*, the plaintiff had filed identical motions in related state and federal cases, and the defendant removed the state case on the basis of the later, state-court motion. *Peabody*, 892 F.2d at 775. The plaintiff then argued that the defendant's removal was untimely. *Id*. The Ninth Circuit disagreed, holding that a motion in federal court could not trigger a right to remove to federal court. *Id.* at 776. However, the *Peabody* court went on to hold that the plaintiff's second removal petition was "frivolous," because it alleged no new grounds for removal. *Id.* at 776-77. In the instant case, Teleflora is not asserting that the removal is untimely; Teleflora is asserting that the facts upon which the removal is based are not new. (*See generally* Mot.) Because timeliness is not at issue, Defendants' reliance on *Peabody* is misplaced.

Defendants next contend that they had neither knowledge nor notice of the members of Teleflora at the time of the June 15 removal.[4] (Opp'n 8.) The May 11, 2015 filing in the Michigan Action

---

[3] Defendants use a third section of their Opposition to distinguish the cases cited by Teleflora. (Opp'n 10-12.) The Court is not persuaded by Defendants' distinctions, but more importantly, Defendants do not address the absence of a new claim or grounds for removal. (Opp'n 10-12.) That absence is fatal to Defendants' position.

[4] Defendants also argue that there is no constructive notice requirement for information creating grounds for removability, relying on *Romo v. Shimmick Constr. Co.*, No. 15-CV-

| MINUTES FORM 11 | | : |
|---|---|---|
| CIVIL GEN | Page 3 of 4 | Initials of Preparer VPC |

JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

CASE NO.: <u>CV 15-07176 SJO (SHx)</u>     DATE: <u>November 10, 2015</u>

was a supplement to the notice of removal, which Defendants claim Teleflora did not file with the Circuit Court of Wayne County, Michigan, in which the Michigan Action was originally filed. Defendants also claim that Plaintiffs did not inform Defendants of the filing of the Michigan Action. (Opp'n 2.) Defendants contend that "Teleflora would require omniscience on the part of Defendants and their counsel to have had any knowledge of the Supplemental Notice of Removal or its content." (Opp'n 9.) However, the May 11, 2015 filing contains a certificate of service, which states that it was filed on the CM/ECF system, "which will send notification of such filing to all counsel of record." (Decl. of Kaveh Kashef in Supp. Defs.' Opp'n to Mot. Ex. D, ECF No. 12-5; Decl. of J.P. Pecht in Supp. Pls.' Mot. Ex. C, ECF No. 8-4.) The Court therefore rejects Defendants' contention that Defendants had no notice of the members of Teleflora at the time of removal.

For the foregoing reasons, Defendants have not met their burden to show that the case is substantially a new one. *See Leon*, 76 F. Supp. 3d at 1063. Removal is therefore improper, and the Court must remand this action to the Superior Court of California for Los Angeles County.

III.    <u>RULING</u>

Plaintiff's Motion to Remand is **GRANTED**. The Court **REMANDS** this action to the Superior Court of California for Los Angeles County. This action shall close.

IT IS SO ORDERED.

---

00673-JCS, 2015 LEXIS 77206, at *10-12 (N.D. Cal. June 12, 2015). (Opp'n 8-9.) This argument is in error for the same reason Defendants' reliance on *Peabody* is misplaced: *Romo* was addressing timeliness issues, not the novelty of the information itself. *Romo*, 2015 LEXIS 77206, at *10-15.